STATE of Tennessee, Appellee,

v.

Phillip MANNING, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 15, 1995.

A.C. Wharton, Shelby County Public Defender, Walker Gwinn, Assistant Public Defender, William Moore, Assistant Public Defender, Memphis, for appellant.

Charles W. Burson, Attorney General & Reporter, Joel W. Perry, Assistant Attorney

General, Criminal Justice Division, Nashville, John W. Pierotti, District Attorney General, Terry Harris, Asst. Dist. Attorney General, Memphis, for appellee.

SUMMERS, Judge.

## OPINION

The appellant, Phillip Manning, was convicted by a jury of his peers in the Shelby County Criminal Court of retaliation for past action, a Class E felony, in violation of Tennessee Code Annotated Section 39–16–510 (1991). He has appealed alleging insufficiency of the evidence. We affirm the trial court which approved the jury verdict of guilt.

Phillip Manning and Ann Manning had a stormy marriage. They married in July 1992 and separated in December of the same year. She had him arrested in December 1992 for assault; and he was convicted in the General Sessions Court of Shelby County on January 13, 1993. He was sentenced to nine months in jail with four months being suspended.

While in jail serving time at the penal farm, Manning could not leave his wife alone. On or about February 7, 1993, Manning telephoned his wife at her job and at her home and threatened to kill her and members of her family. As a result of this harassment, Ann Manning went before a sessions judge on February 11, 1993, and signed an affidavit of complaint under oath. This resulted in a harassment warrant being issued against her husband. Eventually, Manning was found guilty and sentenced to thirty days additional incarceration.

Because of this chain of events, the General Sessions Court issued a violation of probation warrant against Manning reciting his recent conviction for harassment. The probation violation warrant was issued on March 2, 1993, and served on Manning while he was in jail shortly thereafter. Between March 3, 1993, and March 9, 1993, Manning made a series of telephone calls to his wife and left them on her answering machine. He accused his wife of being "low-down," and of being responsible for having his probation violated. He threatened to take care of her when he got out of jail. He basically said that he was going to kill her and he did not

care if he got twenty years confinement for whatever he did. He made numerous telephone calls which alternated between threatening her and apologizing for his previous threatening conversations. At trial his wife, Ann Manning, unequivocally testified that the voice on the answering machine was her husband's voice. Manning, who testified in his own defense, denied that it was his voice.

■ Manning's argument is that there is a fatal variance between the indictment language and the proof at trial. We respectfully disagree. The indictment's language refers to retaliation for Ann Manning's having testified on February 11, 1993, as a result of which the harassment warrant was issued. Manning alleges in this appeal that the proof shows that assuming he made the threats, the threats were as a result of the probation being violated and not as a result of Ann Manning's harassment warrant. Counsel has made an interesting argument, but we view this language as not being a variance at all. Ann Manning's affidavit of complaint triggered the arrest warrant for harassment which resulted in the violation of probation. Her official action in an official proceeding was her signing the affidavit of complaint on February 11, 1993. The resultant chain of events, about which Manning threatened her, were caused by her actions and the actions of the court. As far as Tennessee Code Annotated Section 39–16–510 is concerned, we view Manning's threats to his wife as "retaliation for anything [she] did in an official capacity as a witness...." T.C.A. § 39–16–510(a).

■ In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on ap-

peal. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985); T.R.A.P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn.1984); *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn.Crim.App.1978).

Ann Manning testified that the voice on the answering machine which threatened her was Phillip Manning's. Manning testified that it was not his voice, and that he did not threaten his wife. Manning was sufficiently impeached as a result of his prior felony convictions. His testimony was not believable and bordered on incredible. Viewing the evidence in the light most favorable to the state, we are convinced that any rational trier of fact could have found the appellant, Phillip Manning, guilty beyond a reasonable doubt of the crime of retaliation for past action.

Accordingly, the judgment of the trial court is **AFFIRMED.**

JONES and WADE, JJ., concur.