# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1998

FILED

April 22, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9711-CC-00552 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | ROBERTSON COUNTY |
| VS. | ) | |
| | ) | HON. JOHN H. GASAWAY, III |
| BOBBY GENE WILSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Class E Felony) |

FOR THE APPELLANT:

MICHAEL R. JONES
19th District Public Defender
110 Sixth Avenue, West
Springfield, TN 37172

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JOHN CARNEY
District Attorney General

DENT MORRISS
Assistant District Attorney
Springfield, TN 37172

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Bobby Gene Wilson, was convicted by a Robertson County jury of one (1) count of retaliation for past action by threatening a witness, a Class E felony. The trial court sentenced him as a Range I offender to 402 days in the Tennessee Department of Correction. Appellant's sole issue on appeal is whether the evidence was sufficient to sustain the jury's verdict. After a thorough review of the record of this Court, we affirm the trial court's judgment.

## I

In February 1996, charges were brought against Appellant for assaulting Tonya Hamilton and Jackie Adams with a brick. Hamilton and Adams were subpoenaed to testify against Appellant at his preliminary hearing on March 12. Although both were present in court on March 12, neither testified against Appellant because he waived his preliminary hearing.[1]

On June 2, 1996, Hamilton was outside of her home in Robertson County when she observed Appellant and another man walking down the street. When Appellant saw Hamilton, he declared in a loud voice, "there's that bitch that showed up in Court. I haven't forgotten what you done [sic] to me in Court." Hamilton's husband walked outside, and he and Appellant exchanged heated words. Appellant proclaimed that he would return, and when he returned, he was carrying a shotgun. Appellant then shot the weapon twice in the air and threatened to "kill someone at [Hamilton's] house."

---

[1] The state's charge against Appellant for assault was unresolved at the time this trial took place; therefore, the disposition of this charge is unknown to this Court.

At the conclusion of the proof at trial, the jury returned a verdict of guilty on one (1) count of retaliation for past action by threatening a witness. From his conviction, Appellant brings this appeal.

## II

Appellant maintains that the evidence is insufficient to sustain the jury's guilty verdict. He claims that Hamilton was not a "witness" within the meaning of Tenn. Code Ann. § 39-16-510 because she did not testify at any court proceeding and did not swear out a warrant against him. We disagree.

### A.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d at 779.

A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d at 75. Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id.

**B.**

Tenn. Code Ann. § 39-16-510(a) provides:

[a] person commits the offense of retaliation for past action who harms or threatens to harm a witness at an official proceeding, judge, juror or former juror by any unlawful act in retaliation for anything the witness, judge, or juror did in an official capacity as witness, judge, or juror.

Appellant argues that because Hamilton did nothing in an "official capacity" as a witness, she was not a "witness" within the meaning of the statute. In support of his argument, Appellant points to several opinions of this Court, wherein we indicated that the act of signing an affidavit of complaint makes one a "witness" under Tenn. Code Ann. § 39-16-510(a), regardless of whether the "witness" testifies at an official proceeding. See State v. Manning, 909 S.W.2d 11 (Tenn. Crim. App. 1995); State v. James Robert Littleton, C.C.A. No. 03C01-9507-CC-00201, 1996 WL 377086 (Tenn. Crim. App. filed July 5, 1996, at Knoxville); State v. Carrie Phipps, C.C.A. No. 01C01-9506-CC-00199, 1996 WL 111341 (Tenn. Crim. App. filed March 14, 1996, at Nashville). Appellant urges that because Hamilton did not sign an affidavit of complaint and did not testify at the preliminary hearing, she cannot be a "witness."

We agree that when a person signs an affidavit of complaint initiating criminal proceedings against another, that person is a "witness" under Tenn. Code Ann. § 39-16-510. However, we do not agree that signing the affidavit of complaint is the exclusive way for one to become a "witness." Clearly, Hamilton was involved in initiating criminal proceedings against Appellant as she complained about Appellant's actions to the proper authorities. The fact that a police detective signed the warrant instead of Ms. Hamilton does not alter her status as a "witness". Furthermore, Hamilton was listed as a witness on the warrant. Once she became a "witness" for the state, she "retained that status pending proper disposition of the case." State v. Phipps, 1996 WL 111341 at *2.

Moreover, we find it absurd that Appellant could be insulated from liability for this offense because Hamilton did not testify at the preliminary hearing. Hamilton, upon being subpoenaed, duly appeared before the General Sessions Court and was prepared to testify against Appellant. It was Appellant's own action, in waiving the preliminary hearing, that precluded Hamilton from taking the stand.

Several months after Hamilton initiated criminal proceedings against Appellant for assault, Appellant confronted her in front of her home. He proclaimed, "I haven't forgotten what you done [sic] to me in Court." Thereafter, he retrieved a shotgun and fired it into the air, while threatening the lives of the people inside Hamilton's home. We cannot imagine a more clear cut case of threatening a witness in retaliation for past action. The evidence is sufficient to support Appellant's conviction.

This issue has no merit.

## III

We conclude that the state presented sufficient evidence for a rational trier of fact to find Appellant guilty beyond a reasonable doubt. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOHN H. PEAY, JUDGE