United States Court of Appeals
 For the First Circuit

No. 97-2386

 UNTIED STATES,
 Appellee,

 v.

 GEORGE SACKO,
 Defendant, Appellant.

 ORDER OF COURT

 Before:

 Torruella, Chief Judge
 Coffin, Senior Circuit Judge
 Selya, Boudin, Stahl, Lynch, Lipez, Circuit Judges

 Entered: June 16, 1999
 

 By petition for rehearing or rehearing en banc, Fed. R.
App. P. 35(b), the government asks that the panel decision be
withdrawn and that the district court's sentencing determination be
affirmed because "[i]n the limited circumstances presented in this
case, it is appropriate for the district court to examine the PSR
in making its violent felony determination." Petition at 13. The
petition argues that the panel acted inconsistently with a First
Circuit decision released three days later, in United States v.
Dueno, 171 F.3d 3 (1st Cir. 1999), by concluding that "[i]t was
error for the district court to delve into the facts of Sacko's
crime as described in the pre-sentence report in order to determine
whether his conviction was for a violent or non-violent crime." 
Sacko, slip op. at 7.
Although there is an arguable conflict between the language of
the original Sacko decision and language in Dueno, the Sacko panel
has altered the original opinion by an erratum released
simultaneously with this order, thereby resolving the conflict. 
Contrary to the government's assumption, the alteration does not
affect the result of the appeal; the erratum merely clarifies the
reason why the only facts pertinent to the categorical
determination are already established without reference to the pre-
sentence report. The remand in Sacko was required because this
court was unable to determine whether the statutory rape offense
involving participants of the ages indicated involved a sufficient
risk of harm to classify it as a crime of violence, and eliminating
any reference to the pre-sentence report does not ameliorate this
uncertainty. Consequently, no reason exists for the en banc court
to intervene.
Despite the erratum, however, the en banc court believes that
this order on reconsideration is appropriate to make clear the en
banc court's view as to what is now settled law in this circuit and
what is left open for future resolution. The context is a set of
vexing issues concerning the enhancement provision contained in 18
U.S.C. 924(e), as construed by the Supreme Court in Taylor v.
United States, 495 U.S. 575, 578-99 (1990). Particular
difficulties have attended the application of the statute to cases
that require judges to determine--under section 924(e)'s
"otherwise" clause--whether the crime of statutory rape as defined
by state law constitutes a crime of violence within the meaning of
section 924(e).
Two related but different questions have become entangled in
this inquiry: one is the substantive question how Taylor's
categorical approach (as opposed to an approach focusing on
defendant's conduct) should be applied in deciding whether
statutory rape is a crime of violence; and the other question, more
procedural in character, is how far materials other than the
indictment and jury instructions (specifically mentioned in Taylor,
495 U.S. at 602) may be consulted in resolving the substantive
question--resort to the pre-sentence report being a particular
subject of controversy.
On the substantive issue, we and other circuits have regarded
Taylor's categorical approach, applied in Taylor to the "burglary"
clause of section 924(c), as also applying to determinations made
under the "otherwise" clause. However, this court has been willing
on the authority of certain language in Taylor to consider
statutory rape statutes as if they encompassed different
subordinate offenses depending on the ages of the participants, at
least where the specific ages could be ascertained by resort to
permissible sources. See United States v. Meader, 118 F.3d 876, 
882-84 (1st Cir. 1997). Nothing in our decisions otherwise
warrants consideration of the circumstances of the particular
crime.
The procedural question whether pre-sentence reports may be
consulted in making the crime of violence determination involves a
different set of considerations. As already noted, under Taylor's
categorical approach, facts about the predicate crime are pertinent
only to identify the statutory or common law offense of which the
defendant was convicted in the prior case; and collateral facts as
to the defendant's conduct on the earlier occasion are not relevant
for any other purpose. Under Taylor, burglary is a crime of
violence even if no violence was used in the particular case; and,
conversely, being a felon in possession is not a crime of violence
even if the felon happened to shoot someone but was convicted only
under the felon-in-possession statute. Cf. United States v. Doe,
960 F.2d 221, 224 (1st Cir. 1992).
Our cases have approved resort to pre-sentence reports but
only to determine the character of the criminal offense for which
the defendant was convicted (not whether violence was or was not
used on the particular occasion), see Harris, 964 F.2d at 1236, 
where that determination cannot be made from the statutory language
itself or from the charging documents, and only where the report
was sufficiently reliable on this issue, see Dueno, 171 F.3d at 7. 
Further, the court has approved use of the pre-sentence report only
when the issue is not settled by the indictment and the conviction
was by plea of guilty so no jury instructions are available;
whether resort is proper where the predicate offense was tried has
not been decided and remains open for future resolution. See
United States v. Winter, 22 F.3d 15, 20 n.8 (1st Cir. 1994).
The petition for rehearing en banc is denied. This order
nonetheless is to be published as the order of the en banc court.

 By the Court:

 PHOEBE MORSE, Clerk

 By: /s/ 
 Chief Deputy Clerk

 cc: Mssrs. Gardner, Leavey, Lockhart, Ms. Curran