**UNITED STATES, Appellee,**

v.

**Ramon DUENO, Jr., Defendant, Appellant.**

**No. 98–1868.**

United States Court of Appeals, First Circuit.

Heard Jan. 7, 1999.

Decided March 19, 1999.

---

**4**

J. Martin Richey, by appointment of Court, for appellant.

Christopher F. Bator, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellee.

Before SELYA, Circuit Judge, CUDAHY,* Senior Circuit Judge, and STAHL, Circuit Judge.

* Of the Seventh Circuit, sitting by designation.

STAHL, Circuit Judge.

On January 22, 1998, defendant-appellant Ramon Dueno pleaded guilty to each count of a three-count indictment charging him with being a felon in possession of a firearm, see 18 U.S.C. § 922(g); possessing an unregistered firearm, see 26 U.S.C. §§ 5861(d) & 5871; and transferring a firearm without having met the requirements of 26 U.S.C. § 5812, see 26 U.S.C. §§ 5861(e), 5871, and 5812. The charges to which Dueno pleaded arose from his March 14, 1997 sale of a sawed-off shotgun to an undercover police officer. At the time of the sale, Dueno had a number of prior criminal convictions, including a 1991 Massachusetts conviction for assault and battery, and a 1994 Massachusetts conviction following a guilty plea to a charged violation of a statute proscribing, "in the night time, break[ing] and enter[ing] a building, ship, vessel, or vehicle, with intent to commit a felony." Mass. Gen. Laws Ann. ch. 266, § 16.

At sentencing, both sides agreed that the 1991 assault and battery conviction is a "crime of violence" within the meaning of the career offender provisions of the federal sentencing guidelines. See U.S.S.G. § 4B1.2. But they disagreed as to whether the 1994 breaking and entering conviction should be so regarded. The dispute mattered because the charges to which Dueno pleaded in this case trigger the more draconian sentencing provisions of the career offender guideline, see United States v. Fortes, 141 F.3d 1, 6–8 (1st Cir.) (possession of a sawed-off shotgun is a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA")), cert. denied, — U.S. —, 118 S.Ct. 2387, 141 L.Ed.2d 752 (1998), and United States v. Winter, 22 F.3d 15, 18 n. 3 (1st Cir.1994) (authority interpreting the ACCA's "violent felony" provision is frequently persuasive in interpreting the guidelines' "crime of violence" provision, and vice versa), and because Dueno is a career offender if, but only if, his 1994 breaking and entering

conviction is a crime of violence, *see* U.S.S.G. § 4B1.1 (defining career offender as one who, *inter alia*, has "*two* prior felony convictions of either a crime of violence or a controlled substance offense") (emphasis supplied). Furthermore, Dueno is subject to an enhanced sentence under the firearms guideline if found to be a career offender. *See* U.S.S.G. § 2K2.1(a)(1) (prescribing an enhanced sentence for a career offender who engages in a firearm offense with a firearm described in 26 U.S.C. § 5845(a), which describes sawed-off shotguns). For reasons explained below, the district court concluded that the 1994 breaking and entering conviction was a crime of violence and sentenced Dueno accordingly.

 The breaking and entering statute under which Dueno pleaded guilty encompasses conduct that constitutes a crime of violence (i.e., breaking into and entering a person's home, *see* U.S.S.G. § 4B1.2(a)(2) ("burglary of a dwelling" is a crime of violence)), and conduct that almost certainly does not (i.e., breaking into and entering a vehicle, *see infra* at 6–7 (rejecting the government's suggestion that we affirm by ruling that all of the conduct described by the statute is violent); *cf. United States v. Harris*, 964 F.2d 1234, 1236 (1st Cir.1992) (assuming in *dicta* that breaking into and entering a vehicle is not a violent felony under the ACCA)). When faced with a prior conviction under such a statute, a federal sentencing court may not hold a mini-trial on the particular facts underlying the prior offense in an effort to determine whether the defendant's conduct was violent. *See, e.g., United States v. Damon*, 127 F.3d 139, 144 (1st Cir.1997); *United States v. Meader*, 118 F.3d 876, 882 (1st Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 729, 139 L.Ed.2d 667 (1998); *cf. Taylor v. United States*, 495 U.S. 575, 599–602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (ACCA case). But it may "peek beneath the coverlet" of the language of the prior judgment to ascertain whether the convic-

tion was for a violent or a non-violent crime. *Winter*, 22 F.3d at 18. Ordinarily, this "peek" should be limited to an examination of the indictment, complaint, and/or jury instructions in the prior case. *See Damon*, 127 F.3d at 144–45; *cf. Taylor*, 495 U.S. at 602, 110 S.Ct. 2143; *Harris*, 964 F.2d at 1235–37. But where, as apparently was the case here,[1] the charging papers simply used the boilerplate statutory formulation and there are no jury instructions (because of the guilty plea), we have found it

> appropriate for the sentencing court to look to the conduct in respect to which the defendant was charged and pled guilty, *not* because the court may properly be interested (in this context) in the violent or non-violent nature of that particular conduct, but because that conduct may indicate that the defendant and the government both believed that the generically violent crime . . . rather than the generically non-violent crime . . . was at issue.

*Harris*, 964 F.2d at 1236.

 In this case, the government successfully argued at sentencing that, notwithstanding the generic nature of the breaking and entering charge set forth in the 1994 state court complaint, a fair reading of the complaint as a whole establishes that Dueno broke into and entered a building, and thus committed a crime of violence. The government based its argument on a second charge in the same complaint, which apparently alleged that Dueno "willingly and maliciously destroy[ed] or injur[ed] the personal property, dwelling, house or building of [the victim], the value of the property so destroyed or injured exceeding two hundred and fifty dollars, in violation of [Mass. Gen. Laws Ann. ch. 266, § 127]." The government now correctly concedes that its prior argument, and the district court's acceptance of the argument, are not sustainable; even if it could be in-

---

1. For some reason, the 1994 state court com- plaint was never made part of the record.

**6**

ferred that both charges in the complaint arose from essentially the same course of criminal conduct, the complaint can as readily be taken to describe an unlawful entry into a vehicle, followed by vandalism in the vehicle causing more than $250 worth of damage, as it can be taken to describe a building invasion. We therefore cannot affirm the determination that Dueno is a career offender under the reasoning of the district court.

The government argues that, despite this error, we can affirm Dueno's sentence on one of two proffered alternative grounds. First, the government asks us to rule that breaking into and entering *any* of the three non-buildings specified in Mass. Gen. Laws Ann. ch. 266, § 16—a ship, vessel, or vehicle—is a crime of violence under U.S.S.G. § 4B1.2(a)'s "otherwise" clause. *See id.* (defining crime of violence as one that is punishable by imprisonment for a term exceeding one year and (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary of a dwelling, arson, . . . extortion, [or] involves use of explosives"; or (3) *"otherwise involves conduct that presents a serious potential risk of physical injury to another."*) (emphasis supplied). Accepting this argument, which the government first advanced in the last two paragraphs of its appellate brief, would entail our becoming the first federal court of appeals to rule that breaking into and entering a vehicle is a crime of violence. We are loath to issue so significant a ruling where Dueno had insufficient opportunity to develop a factual rebuttal (e.g., the introduction of relevant crime statistics and/or expert testimony) in the lower court.

Moreover, we think it potentially important that the case on which the government entirely relies in pressing this argument, *see United States v. Patterson*, 882 F.2d 595, 601–04 (1st Cir.1989) (breaking and entering a building, ship, or vessel, and entering without breaking a dwelling house at night, are violent felonies within

the meaning of the ACCA), involves an interpretation of the "violent felony" provisions of the ACCA, whereas this case involves an interpretation of the career offender guidelines' "crime of violence" provisions. While there is far more overlap than difference between the two, *see Winter*, 22 F.3d at 18 n. 3, at least one federal appeals court has read the guidelines and the guidelines commentary differently than it does the ACCA with respect to whether breaking and entering non-dwellings are crimes of violence, *see United States v. Smith*, 10 F.3d 724, 731–33 (10th Cir.1993) (per curiam)(holding that the unlawful entry of a non-dwelling building is not a crime of violence under the "otherwise" clause). We need not endorse the *Smith* panel's conclusion about the unlawful entry of a non-dwelling building, *see United States v. Sawyer*, 144 F.3d 191, 196 (1st Cir.1998) (declining to follow *Smith* because of our previous holding that breaking into and entering a commercial structure *was* a crime of violence under the guidelines, *citing United States v. Fiore*, 983 F.2d 1, 4–5 (1st Cir.1992)), to recognize that the reasoning underlying the conclusion deserves careful consideration before we decide that breaking into and entering a vehicle constitutes a crime of violence. And we are not inclined to engage in such consideration where, as here, there has been no argument on the issue by the parties.

■ The second proffered basis for affirming Dueno's sentence on alternative grounds presents a more difficult question. The government points out that the Presentence Report in this case contains an uncontradicted account of the events underlying Dueno's 1994 breaking and entering conviction, that the account (which describes in detail a home invasion followed by serious vandalism) would suggest that Dueno in fact pleaded guilty to breaking into and entering a building, and that *Harris* authorizes us to look at such an uncontradicted account in circumstances such as these. *See* 964 F.2d at 1236–37. In the

government's view, the presence of this uncontradicted recitation allows for only one conclusion: that Dueno's breaking and entering conviction was for a crime of violence.

Dueno counters by suggesting that the "archaeological dig" endorsed by *Harris* (which he says we have retreated from) runs afoul of the Supreme Court's mandate that inquiries into the nature of prior convictions follow a "formal categorical approach [that] look[s] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor*, 495 U.S. at 600, 110 S.Ct. 2143. He also contends that the "dig" authorized in *Harris* is now precluded by application note 2 to U.S.S.G. § 4B1.2 (effective November 1, 1997), which he reads as a codification of *Taylor*'s categorical approach in the guidelines context.[2] Finally, he asserts that the Presentence Report took its account from a police report that was not even a part of the state court file, and contends that such a report, even if cognizable under *Harris*, is too tenuous a foundation to support our concluding as a matter of law that Dueno pleaded guilty to breaking into and entering a building.

Dueno's first two arguments fail to persuade. Our opinion in *Harris* came two years after *Taylor* and demonstrated full cognizance of the dictates of *Taylor*'s categorical approach. *See* 964 F.2d at 1235–36. Thus, neither *Taylor* nor the guidelines' recent codification of the *Taylor* approach (we shall assume *arguendo* that Dueno correctly interprets application note 2 to U.S.S.G. § 4B1.2) provides us with any basis for backtracking from *Harris*. *See, e.g., Williams v. Ashland Eng'g Co., Inc.*, 45 F.3d 588, 592 (1st Cir.1995) (newly-constituted panels in a multi-panel circuit are bound by prior panel decisions not called into doubt by intervening, controlling authority). Moreover, we have carefully read our decisions applying *Harris*,

and we see nothing in them which calls into question the validity of the inquiry *Harris* authorizes in circumstances such as these.

■ But although the issue is close, we do agree with Dueno that, on the present record, a reasonable jurist could conclude that there is insufficiently reliable evidence to ground a finding that Dueno pleaded guilty to breaking into and entering a building. In so concluding, we point out that the record in this case lacks even a single document that was before the judge who accepted Dueno's plea in 1994 (not even a copy of the complaint). Nor do we have a copy of the police report in question (all we have is the Presentence Report, which apparently took its account from the police report); an explanation where the police report came from; or any account of what took place at Dueno's plea hearing. We also are mindful that the government bears the burden of proving the applicability of an upward adjustment under the guidelines, *United States v. St. Cyr*, 977 F.2d 698, 702 (1st Cir.1992), and that a substantial prison term for Dueno hangs in the balance.

Dueno's sentence for this crime can reflect only those prior crimes of which he has been convicted—either by a trier of fact or by his own admission. As matters now stand, the evidence is insufficient for us to conclude, as a matter of law, that Dueno's 1994 guilty plea constituted an admission to the building invasion described by the police report. We therefore vacate the sentence and remand for resentencing. On remand, we fully expect that the government will give this matter significantly more attention than it has received to this point.

*Vacated and remanded.*

2. In relevant part, application note 2 states that "in determining whether an offense is a crime of violence ... for the purposes of [the career offender guideline], the offense of conviction (*i.e.*, the conduct of which the defendant was convicted) is the focus of the inquiry."