*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0130P (6th Cir.)
File Name: 01a0130p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

　　　　*v.*　　　　　　　　　　　　　　No. 00-5630

PATRICK NEAL CHAMPION,
　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 99-20160—Julia S. Gibbons, District Judge.

Argued: April 11, 2001

Decided and Filed: April 24, 2001

Before: KENNEDY and SUHRHEINRICH, Circuit
Judges; McKEAGUE, District Judge.[*]

─────────────────

## COUNSEL

**ARGUED:** Bruce I. Griffey, OFFICE OF THE FEDERAL
PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF
TENNESSEE, Memphis, Tennessee, for Appellant. Dan L.

───────────────────

[*]The Honorable David W. McKeague, United States District Judge
for the Western District of Michigan, sitting by designation.

Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.  **ON BRIEF:**  Bruce I. Griffey, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant.  Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

-------------------

## OPINION

-------------------

SUHRHEINRICH, Circuit Judge.  Defendant Patrick Neal Champion appeals his sentence following a guilty plea to four counts: (1) use of the Internet to coerce and entice a minor to engage in a sexual act in violation of 18 U.S.C. § 2422(b); (2) transporting a minor across state lines with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a); (3) sexually exploiting a minor in violation of 18 U.S.C. § 2251(a); and (4) possession of film depicting minors in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  Defendant argues that he should not have been sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines because a conviction for sexual exploitation of a minor under 18 U.S.C. § 2251(a) is not a "crime of violence" within the meaning of the career offender guideline.  We **AFFIRM.**

### I.

On December 25, 1998, police responded to an emergency call from a house located in Memphis, Tennessee.  Upon arriving at the residence, officers found E.M., a 13 year-old female from Gilbert, Arizona.  E.M. told police that she had been brought to Tennessee approximately three days earlier by Defendant Patrick Champion, who was holding her against her will.  She stated that she had been repeatedly sexually molested by Defendant and his girlfriend, Debra Williams.

During the course of the investigation, Defendant and Debra Williams returned to the residence. After being advised of his constitutional rights, Defendant admitted that he had met E.M. on the Internet, that E.M. had claimed to be seventeen years of age, and that Defendant had transported E.M. from Arizona to Tennessee.[1] Defendant also acknowledged having sexual intercourse with E.M. upon arriving in Memphis.

Officers searched Defendant's home and recovered 27 photographs of Defendant, Debra Williams, and E.M., engaging in various acts of sexual intercourse with each other. Debra Williams admitted to officers that she and Defendant had produced the explicit photographs. Police also found various pornographic magazines, cameras, undeveloped film, computer floppy disks, and a notebook labeled "Internet," containing handwritten entries of Internet addresses and e-mail contacts.

Subsequent investigation revealed that E.M. had been reported as a missing person in Arizona on December 22, 1998. The guardians of E.M. verified that she was thirteen years-old and that she had Internet access from her home computer.

On June 28, 1999, a Federal Grand Jury returned a six-count Indictment charging Defendant and Debra Williams with violations of 18 U.S.C. §§ 2251(a), 2252(a)(4)(B), 2422(a), 2422(b), 2423(a), and 2423(b). As noted above, Defendant pleaded guilty to four counts: (1) use of the Internet to coerce and entice a minor to engage in a sexual act in violation of 18 U.S.C. § 2422(b); (2) transporting a minor

---

[1] E.M. corroborated Defendant's statement. According to her, she initially met Defendant in an Internet teen chatroom, where Defendant introduced himself as a nineteen year-old male. When E.M. complained about problems she was having with her parents, Defendant offered to bring her to Tennessee. When Defendant ultimately met E.M. in Arizona, he purported to be the father of the nineteen year-old whom she had met on the Internet.

across state lines with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a); (3) sexually exploiting a minor in violation of 18 U.S.C. § 2251(a); and (4) possession of film depicting minors in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

The PSR recommended that Defendant be sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines, which provides for enhanced sentences if the defendant is eighteen at the time of the offense of conviction, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[2]   United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov. 1998). Defendant objected to the enhancement of his sentence under § 4B1.1, arguing that none of the instant offenses to which he had pleaded guilty were "crimes of violence," as required by the Guidelines.

At the sentencing hearing, Defendant stipulated that his two prior arrests qualified as "crimes of violence." However, Defendant maintained that none of the instant offenses qualify because the guideline definition of "crime of violence" specifically enumerates "forcible sex offenses," but not non-forcible sex offenses. USSG § 4B1.2, comment. (n.1). Thus, Defendant argued that the Sentencing Commission had intended, by omission, to exclude consensual, non-forcible sex offenses from "crimes of violence." Defendant also contended that the United States had failed to demonstrate that any of the instant offenses created a "serious potential risk of physical injury," which is an alternate test for a "crime of violence" under the Guidelines. USSG § 4B1.2(a)(2).

The court concluded that enticing a minor to engage in sexually explicit conduct for the purpose of producing a

---

[2]Defendant's status as a career offender resulted in a one point enhancement (from 31 to 32) in his adjusted offense level. Defendant's criminal history category also increased from Level III to VI.

### III.

Therefore, for the foregoing reasons, we **AFFIRM** Defendant's sentence.

We affirm the district court's conclusion that a conviction under § 2251(a) is a crime of violence because it presents serious potential risk of physical injury. Congress, in enacting § 2251(a), emphasized that

the use of children in the production of sexually explicit materials, including photographs, films, videos, computer images, and other visual depictions, *is a form of sexual abuse which can result in physical or psychological harm*, or both, to the children involved . . . and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years.

Pub.L. 104-208, Div. A, Title I, § 101(a) (emphasis added); *see also United States v. Shannon*, 110 F.3d 382, 406 (7th Cir. 1997) (Coffey, Circuit Judge, concurring in part, concurring in the judgment and dissenting in part). Thus, Congress itself has undertaken the factfinding necessary to conclude that a violation of § 2251(a), by its very nature, presents a serious potential risk of physical injury. For this reason, *Sacko*, which involved a prior conviction under state law for statutory rape, is of no use to Defendant.

Even if we have given undue weight to Congress' findings, we would nevertheless affirm the sentence. As noted by the Seventh Circuit in *Shannon*, the likelihood of physical injury increases as the child's age decreases: "[t]he younger child is likely to have poorer judgment, less knowledge about sex, and less money, all of which deficits will make it less likely that she will use or insist that her partner use effective measures to prevent pregnancy and disease." 110 F.3d at 387. We conclude, therefore, that even without consideration of Congress' findings, a violation of § 2251(a) would cross the threshold for serious potential risk of physical injury. The district court thus properly concluded that Defendant's § 2251(a) conviction was a crime of violence.

visual depiction, in violation of 18 U.S.C. § 2251(a), is a crime of violence for purposes of the career offender guideline. Specifically, the court found that (1) 18 U.S.C. § 2251(a), has as an element, the threatened use of physical force against the person of another, and (2) alternatively, the act of engaging in sexually explicit conduct with a minor, by its very nature, creates a serious potential risk of physical injury to the minor. The court thus rejected Defendant's argument and sentenced him as a career offender to a total of 160 months, with a three-year period of supervised release.

## II.

Defendant argues that he should not have been sentenced as a career offender under § 4B1.1. We review the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Carroll*, 893 F.2d 1502, 1508 (6th Cir. 1990). Findings of fact concerning sentencing are reviewed for clear error. *United States v. Hamilton*, 929 F.2d 1126, 1130 (6th Cir. 1991).

As noted above, the career offender provision of the Guidelines Manual specifies that, for purposes relevant to this case, a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is a crime of violence, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1. The Guidelines define a "crime of violence," as, among other things, any offense under federal or state law, punishable by imprisonment of over one year, that (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) otherwise involves conduct that presents a serious potential risk of physical injury to another. USSG § 4B1.2. The first application note following § 4B1.2 sheds light upon this definition:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are

included as a "crime of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.* expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

USSG § 4B1.2, comment. (n.1). The second application note emphasizes that in determining whether an offense is a crime of violence, "the offense of conviction (*i.e.*, the conduct of which the defendant was convicted) is the focus of the inquiry." USSG § 4B1.2, comment. (n.2).

In determining whether Defendant was properly sentenced, we must first address whether the use, attempted use, or threatened use of physical force against the person of another is an element of 18 U.S.C. § 2251(a). To answer this question, we use a categorical approach, looking only to the statutory elements of the offense. *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995) (following *Taylor v. United States*, 495 U.S. 575 (1990)). Any specific, underlying facts regarding the offense are irrelevant to the determination. *Id.*

Under this categorical approach, we hold that 18 U.S.C. § 2251(a) does not have, as an element, the use, attempted use, or threatened use of physical force against the person of another. A defendant may be convicted under § 2251(a) if he "employs, uses, persuades, induces, entices, or coerces any minor to engage in, or . . . has a minor assist any other person to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). Thus, a violation of § 2251(a) could be accomplished through mere inducement, enticement or employ of a minor– none of which involve the use, attempted use, or threat of physical force. Of the enumerated circumstances in § 2251(a), coercion comes closest to physical force. However, "'coercion may, but need not, involve force.'" *Id.* at 1122 (quoting *United States v. Mack*,

8 F.3d 1109, 1112 (6th Cir. 19993), *vacated on other grounds*, 53 F.3d 126 (6th Cir. 1995)). Thus, coercion involving physical force is sufficient, but not necessary, to establish a violation of § 2251(a). We have held that for purposes of determining whether force is an element of the offense, it is insufficient that force is simply one conceivable means of accomplishing the offense. *See Arnold*, 58 F.3d at 1122 (construing Tenn. Code Ann. § 39-2-607 in the context of 18 U.S.C. § 924(a) and USSG § 2K2.1(b)(2), which provide a sentence enhancement for persons convicted of violating the statute who have three previous convictions for "a violent felony or a serious drug offense"). Therefore, contrary to the district court's opinion, we conclude that the use, attempted use, or threatened use of force is not an element of 18 U.S.C. § 2251(a).

Next, we must resolve whether § 2251(a) involves conduct that, by its nature, presents a serious potential risk of physical injury to another. USSG § 4B1.2, comment. (n.1). In making this determination, we may take into account conduct expressly charged in an indictment, "'but not any other conduct that might be associated with the offense.'" *Arnold*, 58 F.3d at 1123 (quoting *United States v. Fitzhugh*, 954 F.2d 253, 255 (5th Cir. 1992)).

Defendant argues that the government failed to present any studies or reasons that would support a conclusion that sex between a 13 year-old female and an adult male poses a risk of physical injury to the female. Defendant relies on *United States v. Sacko*, 178 F.3d 1 (1st Cir. 1999), where the defendant challenged a "crime of violence" sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on a prior conviction under state law for statutory rape. There, the First Circuit remanded the case to the district court with instructions to take evidence on the issue of whether sexual penetration of a 14 year-old boy by an adult involves conduct presenting a serious risk of physical injury. *Id.* at 6.