Mejia v. USA                              CV-01-104-M    04/30/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Alfredo Luis Mejia,
      Petitioner

      v.                                   Civil No. 01-104-M
                                           Opinion No. 2001 DNH 084
United States of America,
      Respondent


                          **O R D E R**


      Petitioner, Alfredo Mejia, seeks to vacate his conviction

for violating various federal drug laws, asserting that the

indictment in his underlying criminal case was constitutionally

defective.  Specifically, he says that in light of the Supreme

Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000),

the indictment was required (but failed) to include: (1) the

quantity of crack cocaine he was accused of possessing and/or

distributing; and (2) a reference to the pertinent federal

statute(s) imposing the penalties for the crimes with which he

was charged.  Because the record conclusively reveals that he is

entitled to no relief, his petition is denied.  See 28 U.S.C.

§ 2255.

## Background

On November 7, 1995, Mejia pled guilty to seven counts of a superceding indictment charging him with violations of federal drug laws: one count of conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base (also known as "crack"); and six counts of unlawful distribution of cocaine and cocaine base.  On February 6, 1996, the court sentenced Mejia to 120 months of incarceration, followed by a five year term of supervised release.

Pursuant to 28 U.S.C. § 2255, Mejia then sought habeas corpus relief, saying the government breached the terms of his plea agreement and claiming his appointed counsel provided ineffective assistance in violation of his Sixth Amendment rights.  The court concluded that Mejia was not entitled to relief on either ground, with one possible exception:

> Petitioner's ineffective assistance claim can fairly be read to include a claim that the Guideline Sentencing Range calculation was incorrect, because drug quantities, related to "relevant conduct" that occurred <u>prior</u> to the conspiracy offense charged in Count I, were improperly used to determine the ten year mandatory minimum sentence applicable to Count I.  That ten year mandatory minimum resulted in a GSR (Total Offense Level 29, Criminal History Category I) of 120

to 121 months of imprisonment. It appears that the
mandatory minimum sentence applicable to Count I (based
only on drug quantities relevant to the offense of
conviction) should have been 5 years, not ten (i.e.
excluding the pre-conspiracy relevant conduct drug
quantity). Thus, the GSR should have been 97 to 121
months, not 120 to 121 months.

Mejia v. United States, Civil No. 97-424-M, at 1-2 (D.N.H. Jan.

29, 1998). Accordingly, the court ordered that notice of the

petition be served upon the United States Attorney and directed

that he,

respond on or before February 20, 1998, advising the
court as to the government's position relative to the
court's intention to grant relief by correcting
petitioner's sentence to imprisonment, that is,
reducing it from 120 months to the lowest point in the
applicable guideline range (97 months), thereby
insuring that no prejudice results from the apparent
calculation error.

Id. at 2. The government responded, saying that it did not

object to the court's proposal to resentence Mejia to 97 months

of incarceration. On February 27, 1998, the court granted

Mejia's petition to vacate his sentence, resentenced him to a 97

month term of imprisonment, and reimposed a 5-year term of

supervised release.[1]  On March 21, 2001, Mejia filed the petition

for habeas corpus relief currently before the court.


**Discussion**

I.   Second or Successive Petitions for Habeas Relief.

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), a federal inmate may file

---

[1]     It appears that the term of supervised release imposed
on Mejia was in excess of that permitted by law and that he
should have been sentenced to no more than three years of
supervised release.  See U.S.S.G. § 5D1.2 (Nov. 1, 1995).  That
error was the product of an incorrect interpretation of the
applicable Sentencing Guidelines that affected a significant
number of defendants sentenced in this district during a
particular time period, rather than any Apprendi issue.  Although
Mejia has not raised that issue in his petition, it will be
remedied in due course anyway.
Α   This court has taken steps to insure that the term of
supervised release imposed on Mejia and other affected defendants
is correct.  When it was discovered that a number of criminal
defendants had erroneously been sentenced to terms of supervised
release in excess of those provided by 21 U.S.C. § 841(b)(1)(C)
and U.S.S.G. § 5D1.2, the judges of this court issued procedural
orders to all affected parties.  Each affected defendant was
notified of the error and told that at least two weeks prior to
his or her release from prison, the United States Probation
Office will file, and the court will grant, a request that the
term of supervised release imposed on the defendant be reduced to
a level consistent with the applicable Guideline requirements (in
this case from five years to three years).  Thus, the error
concerning Mejia's term of supervised release will be corrected
before he begins serving that aspect of his sentence.

a second or successive § 2255 petition only if the court of appeals first certifies that the petition is based on either:

> (1) newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "This statutory directive means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (citations omitted).[2]

Anticipating that his request for relief might constitute a second or successive habeas corpus petition and seeking to avoid

---

[2] Of course, not every historically second or successive habeas corpus petition is necessarily "second or successive" for purposes of § 2255. See generally Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000) (discussing several circumstances in which a subsequent petition for habeas corpus relief is not deemed "second or successive" under § 2255), cert. denied, 121 S.Ct. 1364 (2001). As discussed more fully below, however, it is not entirely clear whether Mejia's petition falls within the bounds of any arguably applicable exception(s).

the requirements applicable to such petitions under § 2255, Mejia asserts that his current petition for habeas relief is brought pursuant to 28 U.S.C. § 2241. See Petitioner's letter to the Clerk of Court (April 5, 2001) ("My petition is not a § 2255 and thus, you should not file it under same. I implore you to file my petition under the original habeas corpus writ, § 2241.").

II. Construing Mejia's Petition.

A. The petition is Not Properly Brought under § 2241.

Mejia might avail himself of the remedies available under § 2241 if he were to challenge the execution (rather than the validity) of his sentence. See United States v. DiRusso, 535 F.2d 673, 674-75 (1st Cir. 1976) ("Section 2255, however, does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence. . . . The proper vehicle for attacking the execution of [a] sentence . . . is 28 U.S.C. § 2241.") (emphasis supplied). Here, however, Mejia attacks the legality of his underlying federal conviction, saying it was obtained based upon a constitutionally deficient indictment. Alternatively, he arguably challenges the legality of his amended 97 month

sentence.  In either event, however, it is plain that he challenges the "imposition or illegality" of his imprisonment, rather than the "execution" of his sentence.

Consequently, in order to bring his current petition pursuant to § 2241, rather than § 2255, Mejia must necessarily (albeit implicitly) be claiming that his petition is subject to § 2255's "savings clause" - that is, that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  See also Sustache-Rivera v. United States, 221 F.3d at 15 ("The savings clause applies if the remedy under § 2255 is inadequate or ineffective to test the legality of a petitioner's detention.  Only then may a § 2241 petition be filed that challenges the legality of a conviction or a sentence.") (citation and internal quotation marks omitted).  However, as the Court of Appeals for the First Circuit has observed, "A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements.  Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."  United States v. Barrett, 178 F.3d 34, 50

(1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000).  See also

Jiminian v. Nash, __ F.3d. __, 2001 WL 314559 (2d Cir. April 2,

2001) ("This opinion considers whether § 2255 may be deemed to

offer an 'inadequate or ineffective' remedy within the meaning of

28 U.S.C. § 2255, ¶ 5, thereby allowing a federal prisoner to

file a habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(3),

where a prisoner who had a prior § 2255 motion dismissed on the

merits and cannot meet the AEDPA's gate-keeping requirements

seeks to raise a claim that was available in a prior § 2255

motion.  We conclude that § 2255 cannot be deemed inadequate or

ineffective under such circumstances.").

Consequently, Mejia's petition is not properly viewed as

having been brought pursuant to 28 U.S.C. § 2241 and the court

must next consider whether it is subject to the restrictions

applicable to "second or successive" petitions.  Parenthetically,

the court notes that even if Mejia's petition could be properly

viewed as having been brought pursuant to 28 U.S.C. § 2241, this

court would lack jurisdiction over it.  See Barrett, 178 F.3d at

50 n.10 ("[A] § 2241 petition is properly brought in the district

court with jurisdiction over the prisoner's custodian (unlike a

8

§ 2255 petition, which must be brought in the sentencing court).").  Because it appears that Mejia is currently detained in a federal correctional facility located in New Jersey, the proper forum in which to litigate any claims under § 2241 is the United States District Court for the District of New Jersey.

B.    Is Mejia's Petition "Second or Successive?"

Because Mejia's original sentence was vacated and a new sentence was imposed, there are circumstances under which a subsequent § 2255 petition might properly escape the requirements applicable to second or successive petitions.  Whether his pending petition actually falls within that realm, however, presents a difficult question that appears to be unresolved in this circuit.

In his current petition for habeas corpus relief Mejia arguably challenges the validity of his underlying conviction, saying the indictment upon which his conviction was based was defective.  Construed in that fashion, and assuming he could have raised that challenge in his prior petition, his current petition must necessarily be viewed as "second or successive."

> As a general rule, a prisoner who had both the incentive and the ability to raise a particular claim in his first petition for post-conviction relief, but declined to assert it, cannot raise it the second time around.

Pratt v. United States 129 F.3d 54, 62 (1st Cir. 1997). See also Galtieri v. United States, 128 F.3d 33, 37-38 (2d Cir. 1997) ("[W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the original sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended."). Consequently, unless Mejia may properly be viewed as challenging his recently amended sentence, rather than his underlying conviction, this court probably lacks jurisdiction to address the merits of Mejia's petition, which instead must be transferred to the court of appeals. See Pratt, 129 F.3d at 57 ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a

10

second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.").

Alternatively, however, one might argue that Mejia raises a timely challenge to his amended sentence (i.e., within one year of imposition). His complaint is that his sentence is unlawfully based upon factors (drug quantity) not proved beyond a reasonable doubt to a jury. To support that claim, he points to the Supreme Court's recent decision in Apprendi.[3]

One might reasonably posit that Mejia had neither the incentive nor opportunity to raise such a challenge in his first petition, since: (1) it predated the Supreme Court's issuance of the Apprendi opinion; (2) it would have been contrary to arguably applicable then-existing circuit precedent; and (3) he might well have lacked any incentive to argue at trial (or on direct appeal)

---

[3]    Under the circumstances described, the fact that Apprendi has not been made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255, para. 6(3), would seem to be of no moment. If one can plausibly argue that Mejia's petition represents a timely challenge to his amended sentence, he need not avail himself of any of the exceptions to § 2255's one year statute of limitations (one of which addresses recent Supreme Court decisions specifically made retroactive to collateral attacks on criminal convictions and/or sentences).

11

that the jury should have been presented with evidence concerning the specific quantities of cocaine that he was allegedly trafficking. See Sustache-Rivera v. United States, 221 F.3d 8, 14 n.9 (1st Cir. 2000). Viewed in that context, Mejia's petition might escape the requirements applicable to second or successive petitions, notwithstanding the fact that it is, historically, his second petition.

Mejia's petition plainly presents a somewhat unusual fact pattern and raises potentially difficult questions concerning the proper interpretation of § 2255's "second or successive" language. The court of appeals recently addressed an analogous situation, in which an inmate claimed that a § 2255 petition should not be treated as second or successive "where a facially meritorious basis for relief becomes available for the first time – due to a change in law – after a previous § 2255 petition has already been filed and litigated." Sustache-Rivera, 221 F.3d at 13. In that case, the petitioner was convicted of carjacking. However, the question of whether serious bodily injury occurred during the course of the carjacking was not submitted to the jury. Instead, that issue was resolved at sentencing, by the

12

court.  Subsequent opinions issued by the court of appeals confirmed that serious bodily injury was merely a sentencing enhancement and, therefore, need not be submitted to the jury. Approximately four years later, however, the Supreme Court held that the serious bodily injury requirement is an element of the carjacking offense defined in 18 U.S.C. § 2119(2) and, therefore, must be submitted to the jury.  Jones v. United States, 526 U.S. 227, 251-52 (1999).  Thus, much like Mejia, the petitioner in Sustache-Rivera claimed that the basis for challenging his underlying conviction and/or sentence only became viable after he filed his first petition for habeas relief.

Although the court of appeals noted that "the courts of appeals have routinely treated as second or successive claims alleged to be 'new' due to the Supreme Court's changing the law," id. at 14, and notwithstanding its having expressed some doubts about the merits of the petitioner's argument, the court declined to resolve whether his petition was properly viewed as second or successive:

> [A]lthough we think the argument questionable, we do
> not decide the issue, but only note that the premise of
> [petitioner's] argument - that he lacked reasonable

13

> opportunity to argue that serious bodily injury was an
> element of the crime - is itself a difficult question.

Id. at 14 (citing Bousley v. United States, 523 U.S. 614 (1998)). The court then went on the observe, "[m]ore significantly, . . . whether [the] petition is treated as a first petition or as a second petition makes no difference for other reasons." Sustache-Rivera, 221 F.3d at 14.

So it is in this case. Accordingly, for purposes of this order, the court will assume that Mejia has raised a valid and timely challenge to his amended sentence. Thus, his petition is not "second or successive" and this court has jurisdiction to address it on the merits. Even giving Mejia the benefit of that doubt, however, his petition necessarily fails on the merits since it does not raise a viable Apprendi issue.

III. The Rule in Apprendi.

Even assuming that Mejia may properly challenge his amended sentence as violative of the rule articulated in Apprendi, the petition and files of record conclusively demonstrate that he is

14

entitled to no relief.  See 28 U.S.C. § 2255, para. 2.
Consequently, his petition must be denied.

In Apprendi the Supreme Court held that, "[o]ther than the
fact of a prior conviction, any fact that increases the penalty
for a crime beyond the prescribed statutory maximum must be
submitted to a jury, and proved beyond a reasonable doubt."
Apprendi, 530 U.S. at 490 (emphasis supplied).  In this case,
Mejia was convicted of conspiracy to distribute and to possess
with intent to distribute cocaine and cocaine base, in violation
of 21 U.S.C. §§ 841(a)(1) and 846, and unlawful distribution of
cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1).
No drug quantities were specified in the indictment.
Consequently, Mejia was subject to the penalty provisions of 21
U.S.C. § 841(b)(1)(C) and exposed to the so-called "default
statutory maximum" of twenty years imprisonment.  See United
States v. Robinson, 241 F.3d 115, 118 (1st Cir. 2001).  As noted
above, however, upon resentencing, Mejia was sentenced to 97
months of imprisonment, well below the 20-year statutory maximum
to which he was exposed.  As the Robinson court made clear, such

15

a sentence does not run afoul of the rule articulated in

Apprendi:

> In the last analysis, the court meted out only a 121-
> month sentence - a sentence below the lowest statutory
> maximum for trafficking in cocaine base.  No Apprendi
> violation occurs when the district court sentences a
> defendant below the default statutory maximum, even
> though drug quantity, determined by the court under a
> preponderance-of-the-evidence standard, influences the
> length of the sentence imposed.

Robinson, 241 F.3d at 119 (citation omitted).


### Conclusion

Mejia's petition for habeas relief is properly viewed as

having been filed under 28 U.S.C. § 2255, rather than 28 U.S.C.

§ 2241.  It is, therefore, at least arguable that it must be

treated as a "second or successive" petition, over which this

court lacks jurisdiction.  The state of the law on that issue is,

however, unsettled in this circuit and a colorable argument can

be made that his petition is not subject to the certification

process applicable to second or successive petitions.


Consequently, giving Mejia the benefit of any doubt and

treating his petition as falling outside the realm of those

16

properly viewed as being "second or successive," the court concludes that it has jurisdiction to address the merits of his claim.  Unfortunately for Mejia, however, his petition fails to raise a viable Apprendi issue and the record conclusively establishes that he is not entitled to the habeas relief he seeks.  Mejia's motion to vacate under 28 U.S.C. § 2255 (document no. 1) is, therefore, denied.  The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 30, 2001

cc:  Alfredo L. Mejia, pro se
     Peter E. Papps, Esq.

17