UNITED STATES of America, Appellee,

v.

James P. PAZZANESE, Appellant.

No. 92–2012.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 3, 1992.

Filed Dec. 7, 1992.

---

Leonard L. Wagner, Kansas City, MO, for appellant.

Cynthia J. Hyde, Asst. U.S. Atty., Springfield, MO, for appellee.

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

James P. Pazzanese was found guilty after a two-day jury trial of possession with the intent to distribute cocaine and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced Pazzanese to concurrent mandatory minimum terms of 240 months of imprisonment on each drug count and imposed 10–year terms of supervised release. Pazzanese appeals his convictions and sentences. We affirm the convictions, but vacate the sentences and remand for resentencing.

## I.

Pazzanese raises two issues in challenging his conviction. First, Pazzanese argues that the district court abused its discretion in admitting the cocaine into evidence because a sufficient chain of custody was not established. Second, Pazzanese argues that the district court erred in denying his motion for acquittal based upon the sufficiency of the evidence.

 This court reviews a district court's decision to admit evidence under a clear abuse of discretion standard of review. *United States v. Mays*, 822 F.2d 793, 796 (8th Cir.1987) (citation omitted). The district court may admit a piece of physical evidence if it is satisfied that in reasonable probability the evidence has not been changed. *Id.* (citation omitted). "[T]he integrity of evidence is presumed to be preserved unless there is a showing of bad faith, ill will, or proof that the evidence has been tampered with." *Id.* (citation omitted).

The following testimonial evidence was presented at trial to establish the chain of custody of the seized cocaine. Pazzanese and Richard E. Birnberg were stopped for speeding on the interstate in Missouri by Trooper Roger Whittler. Trial transcript (Tr.) at 10–14. Subsequently, the driver of the Chevrolet Suburban vehicle, Birnberg, gave Trooper Whittler permission to search it for drugs. Tr. 14–15. Upon finding cocaine in the vehicle, Trooper Whittler arrested both Birnberg and Pazzanese, seized the Suburban, and made an inventory of its contents. Tr. 15–17, 21. The inventory disclosed 44 kilograms of cocaine. Trooper Whittler then transferred custody of the cocaine to Sergeant Miles Parks of the Missouri State Highway Patrol, who locked the packages in his office overnight. Tr. 21, 33. Sergeant Parks gave custody of the cocaine to federal Drug Enforcement Administration (DEA) Agent John Cornille,

who is stationed in Missouri. Tr. 34. Agent Cornille "relayed up" to the New York DEA that the cocaine had been seized from Pazzanese and Birnberg and that the DEA was planning on doing a controlled delivery in New York. Tr. 38–39. The vehicle, the 44 kilograms of cocaine, and Birnberg (who by then was a cooperating defendant) were flown by military transport (together with Sergeant Parks and DEA Agents stationed in Missouri) to New York to make the controlled delivery. Tr. 34–37, 65–66. Sergeant Parks did not place his initials on the bags of cocaine, tr. 34, but he did not usually place his initials on bags of cocaine being used for a controlled delivery, tr. 37. New York DEA Agent Brian Connely assisted with the controlled delivery and took custody of the cocaine from the Missouri DEA. Tr. 39–40. Agent Connely stored the cocaine in the New York Bulk Evidence Facility, field tested it, and then took the cocaine, which was marked Exhibit 1, to the Northeastern Lab in New York for testing. Tr. 40, 44. Robert A. Henderson completed the laboratory analysis on the substance, determined that it was cocaine, and labeled the sealed evidence envelope containing the cocaine with his seal, sticker, his signature, the name of the laboratory, his initials, and the date. Tr. 107. Agent Connely retrieved the cocaine from the laboratory, which was marked Exhibit 1, and delivered it to Special Agent Michael W. Lewis of the DEA Airwing. Tr. 41, 44, 46. Agent Lewis flew the cocaine to Missouri and returned it to Agent Cornille. Tr. 47, 98–99. Agent Cornille brought the cocaine to Pazzanese's trial and identified it. Tr. 98–99. Trooper Whittler testified that the cocaine presented at trial "appear[ed] to be what I observed to be cocaine that was stuffed in the paneling" of Birnberg's vehicle and that it was in substantially the same condition and still wrapped in coffee grounds. Tr. 16. Sergeant Parks also testified that the evidence appeared to be in the same packaging material containing coffee that he had observed at the time of arrest. Tr. 33.

Although Pazzanese emphasizes the fact that for much of this time the cocaine was not labeled, the evidence presented during trial easily supports the court's finding that the substance tested and admitted into evidence was with reasonable probability the same substance seized from Pazzanese. Furthermore, Birnberg testified after the cocaine was admitted into evidence that he and Pazzanese were transporting cocaine, and he identified the contested evidence as the bags of cocaine which Trooper Whittler pulled out of the paneling of the Suburban. Tr. 61–62, 70–71, 92–94. Accordingly, we find that the district court did not abuse its discretion in admitting the cocaine into evidence.

After thoroughly reviewing the record, we find Pazzanese's second argument, that the district court erred in denying his motion for acquittal based upon the sufficiency of the evidence, to be without merit. Therefore, we affirm the district court with respect to Pazzanese's convictions.

## II.

Pazzanese challenges his sentences by arguing that the district court erred by imposing mandatory minimum sentences of 20 years upon him. Pursuant to 21 U.S.C. § 841(b)(1)(A), a 20–year mandatory minimum sentence is triggered when the crime involves five or more kilograms of cocaine and the defendant has a prior final conviction for a "felony drug offense." Pazzanese disputes the district court's holding that his prior New York state class C felony conviction for criminal facilitation constituted a prior "felony drug offense" under the federal statute.[1]

> For purposes of this subparagraph, the term "felony drug offense" means an offense that is ... a felony under any law of a state or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, or depressant or stimulant substances.

21 U.S.C. § 841(b)(1)(A).

Under New York law, the crime of criminal facilitation is defined as follows:

> the first degree, possession of a controlled substance in the first degree, and possession of a controlled substance in the third degree.

---

1. Pazzanese's guilty plea to the criminal facilitation charge resulted in the dismissal of charges of the sale of a controlled substance in

A person is guilty of criminal facilitation in the second degree when, believing it probable that he is rendering aid to a person who intends to commit a class A felony, he engages in conduct which provides such person with the means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony.

N.Y.Penal Law § 115.05. Criminal facilitation does not require any mental culpability either to commit or to otherwise participate in the underlying substantive offense. *People v. Kaplan,* 76 N.Y.2d 140, 556 N.Y.S.2d 976, 556 N.E.2d 415 (1990) (citations omitted). "[A] facilitator's conduct ... is 'confined to preparation so attenuated from the final stages that the role of the facilitator is only remotely related as a cause or contributor to the ultimate crime.'" *United States v. Liranzo,* 944 F.2d 73, 79 (2d Cir.1991), *quoting People v. Beaudet,* 32 N.Y.2d 371, 345 N.Y.S.2d 495, 298 N.E.2d 647 (1973).

The New York facilitation statute does not specifically prohibit or restrict drug activity. It is more of a general "catch all" criminal statute designed to reach the most remotely connected conduct in any given case. It is not in and of itself a law which prohibits or restricts drug conduct. A conviction under it says nothing about the defendant's mental culpability vis a vis the offense facilitated. *Kaplan,* 556 N.Y.S.2d at 977, 556 N.E.2d at 416. It is not the equivalent of aiding and abetting, conspiracy, or even attempt. *Liranzo,* 944 F.2d at 79 (citations omitted); *accord Kaplan,* 556 N.Y.S.2d at 977, 556 N.E.2d at 416. Pazzanese's criminal facilitation conviction does not prove that he had the mental culpability to commit a felony grade offense involving controlled substances because no such element need be proved. Because the crime of criminal facilitation is so limited and so narrowly defined under New York law, we find it unclear that Congress intended that a conviction for a crime which involves no mental culpability with respect to a substantive narcotics offense would serve as the basis for a 20 year mandatory minimum sentence, and absent a clear expression to the contrary we doubt that it

did. *See United States v. Liranzo,* 944 F.2d 73 (2d Cir.1991) (New York state conviction for criminal facilitation in the second degree in the sale of cocaine not a "controlled substance offense" for career offender sentencing guideline).

When a statute is ambiguous, the rule of lenity should apply, and the construction yielding the shorter sentence should be chosen. *United States v. R.L.C.,* — U.S. —, —, 112 S.Ct. 1329, 1338, 117 L.Ed.2d 559 (1992). Applying the rule of lenity to this case, we find that Pazzanese's prior conviction for criminal facilitation does not constitute a predicate "felony drug offense" necessary to trigger the 20-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A). Therefore, we vacate the imposed sentences and remand for resentencing accordingly.

### III.

In summary, we affirm the convictions of Pazzanese, but vacate his sentences and remand for resentencing in accordance with this opinion.