NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0004n.06
Filed: January 4, 2007

No. 05-6444

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROGER DALE FLEENOR,

    Defendant-Appellant.

_____/

On appeal from the United States
District Court for the Eastern District
of Tennessee

BEFORE:    RYAN, BATCHELDER, and SUTTON, Circuit Judges.

    RYAN, Circuit Judge.    The defendant, Roger Dale Fleenor, challenges his conviction for violating 18 U.S.C. § 922(g)(1), which forbids convicted felons from possessing firearms, and appeals his 15 year mandatory minimum sentence imposed under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e). We find no basis for reversing Fleenor's conviction or sentence, and therefore affirm the district court's judgment.

**I.**

    Fleenor's conviction stems from a traffic stop on December 29, 2003, in Sullivan County, Tennessee. The police stopped Fleenor after watching him commit multiple traffic violations. According to testimony at a subsequent suppression hearing, Officer Jamie Dunbar stopped Fleenor after seeing him "weaving and driving left of center," and driving 55 miles per hour in a 45 mile per hour zone. When Officer Dunbar approached the

defendant's car, Fleenor admitted that he had smoked one joint of marijuana while driving. After hearing this admission and learning that Fleenor's driver's license was revoked, Dunbar arrested Fleenor. A subsequent inventory search of Fleenor's vehicle revealed five bags of marijuana, several small scales, a 12-gauge shotgun, and twelve rounds of ammunition.

Fleenor later entered a conditional guilty plea to one count of violating § 922(g)(1); the plea arrangement preserved Fleenor's right to challenge the district court's denial of his motion to suppress. The district court sentenced Fleenor to 15 years in prison, the mandatory minimum sentence under the Armed Career Criminal Act. The district court concluded that Fleenor met the statutory definition of an armed career criminal because three of Fleenor's prior convictions constituted "violent felon[ies]" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii): 1) a 1989 conviction for two counts of negligent homicide in New York; 2) arson and breaking and entering in Virginia in 1992; and 3) armed robbery in Tennessee in 1977. Fleenor admits the fact of these convictions, but argues that his negligent homicide conviction does not qualify as a "violent felony" under the ACCA.

## II.

When assessing the district court's conclusion that the police had probable cause to stop Fleenor's car for observed traffic violations, we review the lower court's factual determinations for clear error. A factual finding is clearly erroneous when "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, NC, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). We review the district court's legal conclusions de novo. United States v. Akridge, 346 F.3d 618, 622 (6th Cir. 2003).

We review de novo the district court's determination that a past conviction qualifies as a "violent felony" under the ACCA. United States v. Hargrove, 416 F.3d 486, 494 (6th Cir. 2005).

### III.

Probable cause to execute a traffic stop exists when "the facts and circumstances" known to the officer and supported by reasonably trustworthy information are sufficient to warrant a person "of reasonable caution in the belief that an offense has been or is being committed." United States v. Davis, 430 F.3d 345, 352 (6th Cir. 2005) (internal quotation marks and citations omitted). Probable cause is based on the totality of the circumstances known to an officer at the time of the stop. United States v. Pasquarille, 20 F.3d 682, 686 (6th Cir. 1994). A police officer's subjective motivations, such as suspicion that the driver may have narcotics or forbidden firearms in his car, are irrelevant to a probable cause determination "as long as a reasonable officer in the same circumstances would have stopped the car for the suspected traffic violation." Whren v. United States, 517 U.S. 806, 810 (1996).

Fleenor has not offered evidence demonstrating that the district court committed clear error when it determined that Officer Dunbar twice observed Fleenor cross the center line while driving ten miles per hour above the speed limit. Because these observations established probable cause for Officer Dunbar to stop Fleenor, the district court properly denied Fleenor's motion to suppress.

### IV.

Fleenor next argues that the district court erred by sentencing him to 15 years in prison pursuant to the ACCA, 18 U.S.C. § 924(e). The ACCA establishes a 15 year mandatory minimum sentence for any felon convicted of possessing a firearm if the offender has three prior convictions that qualify as "violent felon[ies]" or "serious drug offense[s]." 18 U.S.C. 924(e)(1). Fleenor contends that his prior conviction for criminally negligent homicide in New York does not constitute a "violent felony" under the ACCA. The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

Fleenor contends that the Supreme Court's 2004 decision in <u>Leocal v. Ashcroft</u>, 543 U.S. 1 (2004), requires defendants to possess a heightened <u>mens</u> <u>rea</u> to satisfy the "otherwise clause" of § 924(e)(2)(B)(ii). But we think it does not and previously have said so. <u>See</u> <u>United States v. Sawyers</u>, 409 F.3d 732,740 (6th Cir.), <u>cert. denied</u>, 126 S. Ct. 457 (2005).

To determine whether a prior conviction constitutes a "violent felony," this court follows the "categorical approach" articulated by the Supreme Court in <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990), under which reviewing courts examine only the statutory definitions of the requisite offenses, not the specific facts underlying the convictions. The New York statute under which Fleenor was convicted of negligent homicide states that "[a]

person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person." N.Y. PENAL LAW § 125.10. Under the New York law, a defendant is guilty of criminal negligence when he or she

> fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

N.Y. PENAL LAW § 15.05.

Applying Taylor's categorical approach, the elements of the New York statute satisfy the § 924(e)(2)(B)(ii) definition of a "violent felony." Causing the death of another person by failing to perceive "a substantial and unjustifiable risk," as the New York statute requires, qualifies as conduct that "presents a serious potential risk of physical injury to another" under the ACCA.

**V.**

Because the district court did not err in concluding that the police had probable cause to stop Fleenor's car, the court properly denied Fleenor's motion to suppress the firearm and ammunition seized in the search of the vehicle. Furthermore, Fleenor failed to demonstrate that the district court erred by concluding that his past convictions constituted "violent felon[ies]" under the ACCA. The trial court properly applied the ACCA's mandatory sentencing provision.

We **AFFIRM**.