NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0338n.06
Filed: May 15, 2007

No. 05-6670

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TYRICE L. SAWYERS, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MOORE and GIBBONS, Circuit Judges; EDMUNDS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Tyrice L. Sawyers

challenges the 300 month sentence imposed by the district court following his conviction for being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). More specifically, Sawyers

challenges the district court's decision to sentence him as an armed career criminal under the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We find no error in the district court's

application of the ACCA, and accordingly, we affirm.

I.

---

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of
Michigan, sitting by designation.

1

On February 29, 2000, a jury convicted Sawyers of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 6, 2002, the district court, applying the ACCA, sentenced Sawyers to 300 months imprisonment, in part based on its conclusion that his prior conviction for statutory rape–upon entry of a guilty plea in Tennessee state court–constituted a "violent felony" as that term is defined in the ACCA.[1] Sawyers appealed his conviction and sentence. We affirmed his conviction but vacated his sentence because the district court improperly applied the categorical approach in analyzing whether Sawyers's statutory rape conviction constituted a "violent felony" for purposes of the ACCA. *United States v. Sawyers*, 409 F.3d 732, 743 (6th Cir. 2005). On remand for resentencing, we instructed the district court, in determining whether Sawyers's prior conviction constituted a "violent felony," to "consider, along with the statutory definition, the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Id.* at 742 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

On remand, the district court examined these materials and determined that Sawyers's statutory rape conviction did constitute a "violent felony" as defined by the ACCA. In particular, the district court reviewed the transcript from the plea colloquy and the factual allegations presented to the trial court by the prosecution in support of the indictment and plea. According to the district court, the factual allegations outlined by the prosecution demonstrated that the conduct involved posed a serious risk of harm to the victim, a minor. Accordingly, the district court determined that

---

[1]In addition, the district court found that Sawyers's prior convictions in Tennessee state court for facilitation of aggravated burglary and retaliation for past action constituted violent felonies. Together with the statutory rape conviction, these two convictions provided the necessary three predicate offenses for sentencing Sawyers as an armed career criminal under the ACCA. Only the classification of Sawyers's statutory rape conviction as a "violent felony" is at issue on appeal.

Sawyers's prior conviction for statutory rape was a "violent felony" for purposes of the ACCA. The district court then reimposed a sentence of 300 months incarceration. Sawyers subsequently appealed.

## II.

We review *de novo* a district court's conclusion that a defendant may be sentenced as an armed career criminal under the ACCA. *Sawyers*, 409 F.3d at 736 (citing *United States v. Maness*, 23 F.3d 1006, 1008 (6th Cir. 1994)).

## A.

Under the ACCA, a defendant who has been convicted of a violation of 18 U.S.C. § 922(g) and who has been convicted of three violent felonies, as defined by the ACCA, is subject to a minimum sentence of fifteen years imprisonment. 18 U.S.C. § 924(e)(1). Moreover, armed career criminal status under this section enhances the advisory range recommended by the guidelines. *See* U.S.S.G. § 4B1.4.

The ACCA outlines two classes of offenses that constitute violent felonies. Only the latter category is relevant to this appeal. Under the ACCA, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .*" 18 U.S.C. § 924(e)(2)(B) (emphasis added).

## B.

On appeal, Sawyers raises a single argument:[2] the conduct giving rise to his conviction identified by the district court in its review of the transcript of Sawyers's plea colloquy did not pose a serious risk of potential injury to another. The crux of Sawyers's argument is that the absence of any evidence that his sexual contact with the victim was forcible or otherwise resulted in her injury precludes a finding that his conviction for statutory rape was a "violent felony."

Sawyers's position ignores the clear statutory language. Whether a given offense resulted from conduct that *caused* physical harm is immaterial, it is only necessary that the conduct *posed* the *risk* of physical injury to another. Sawyers does not dispute the allegations made by the government during the plea colloquy, and as the district court noted, the factual basis upon which the trial court accepted Sawyers's plea demonstrated: (1) Sawyers, an adult, participated in a series of events by which several individuals compelled a fifteen-year-old girl to have oral and vaginal intercourse while in Sawyers's home; (2) Sawyers participated in the extortion of sexual favors from the victim, conditioning the return of personal property on her performance of sexual acts and preventing her exit from the home; (3) following their departure from Sawyers's home, Sawyers, in addition to another individual, engaged in oral and vaginal intercourse with the victim in a motel room.

It is difficult to understand how Sawyers's participation in the coerced sexual assault of a minor could not be deemed to pose a serious risk of physical harm to the victim. In our prior decision, we observed that it is the breadth of conduct encompassed within the statute that renders impossible any categorical determination that Tennessee's statutory rape statute defines a "violent

---

[2]Before the district court, Sawyers argued that because his plea to the charge of statutory rape was a "best-interest" plea and because he did not *admit* to any of the factual allegations leveled against him, the statement of the prosecution regarding the factual basis for his plea contained in the colloquy transcript may not be relied upon to determine whether Sawyers's conviction was for a "violent felony." Sawyers has abandoned this argument on appeal, however, and we express no opinion on this matter.

felony." *Sawyers*, 409 F.3d 741-42. After all, the inherent risk of violence posed by consensual sexual activity between a seventeen-year-old and a twenty-one-year-old is quite different from that posed by compelled sexual activity between a twenty-one-year-old and a younger teen. This is true in spite of the fact that, in both cases, the older party would be subject to criminal liability under Tennessee's statutory rape statute. *Id.* at 741. Sawyers was an active participant in a series of events by which a fifteen-year-old girl was coerced into performing multiple sexual acts. Irrespective of whether the victim in this particular case suffered any physical injury, there can be little doubt that she faced a "serious potential risk of physical injury." Consequently, the district court was correct in finding Sawyers's statutory rape conviction constituted a "violent felony" under the ACCA.

III.

For the foregoing reasons, we affirm.