NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0321n.06

Case No. 22-5006

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA, | ) | **FILED**<br>Aug 05, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff - Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| TAVARIS BETTS, | ) | |
| Defendant - Appellant. | ) | OPINION |

Before: SUTTON, Chief Judge; BATCHELDER and DONALD, Circuit Judges.

BATCHELDER, J., delivered the opinion of the court in which SUTTON, C.J., joined. DONALD, J. (pp. 3–5), delivered a separate dissenting opinion.

ALICE M. BATCHELDER, Circuit Judge. When sentencing Tavaris Betts as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), the district court found that three of his prior convictions were predicate felonies under the Armed Career Criminal Act, § 924(e)(2)(B)(ii), triggering the mandatory minimum sentence, § 924(e)(1). Betts's prior convictions were for aggravated assault in violation of T.C.A. § 39-13-102, robbery in violation of § -13-401, and aggravated burglary, in violation of § -14-403. Under our precedent, all three are ACCA predicate felonies. *Lowe v. United States*, 920 F.3d 414, 416 n.1 (6th Cir. 2019) (§ -13-102 aggravated assault); *United States v. Southers*, 866 F.3d 364, 367 (6th Cir. 2017) (§ -13-401 robbery); *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019) (§ -14-403 aggravated burglary).

Betts argues that aggravated burglary under T.C.A. § 39-14-403(a)(3) should not be an ACCA predicate. Even if he were correct, this panel cannot overrule published circuit precedent. *See Brumbach*, 929 F.3d at 795. Betts concedes as much in his appellate brief, and urges en banc review of *Brumbach* and its progeny. *See* Appellant Brief at 2, 4, 6, 7, 19, 33, and 39.

Given this posture, we AFFIRM the judgment of the district court.

BERNICE BOUIE DONALD, Circuit Judge, dissenting. I disagree with the majority that prior precedent forecloses our consideration of whether aggravated burglary under T.C.A. § 39-14-403(a)(3) qualifies as a predicate felony under the Armed Career Criminal Act, and therefore, I respectfully dissent.

For a decision by a prior panel to be holding, "it must be clear that the court intended to rest the judgment (if necessary) on its conclusion about the issue." *Wright v. Spaulding*, 939 F.3d 695, 701 (6th Cir. 2019). If the decision does not contribute to the judgment, then it is only dicta and not binding authority. *Id.* at 701. Rampant dictum can produce a snowballing effect and "is usually a bad idea, because judges think differently – more carefully, more focused, more likely to think things through – when our words bring real consequences to the parties before us." *United States v. Burris*, 912 F.3d 386, 410 (6th Cir. 2019) (en banc) (Kethledge, J., concurring). However, the majority is again kicking the can down the road by failing to apply the *Wright* standard to the case at bar and summarily treating the issue as foreclosed.

The faulty path of foreclosure can be traced back to *United States v. Sawyers*, 409 F.3d 732 (6th Cir. 2007). Curiously, however, *Sawyers* was a facilitation case, not an aggravated burglary case. The court in *Sawyers* was asked to address whether a Tennessee conviction for facilitation of aggravated burglary constituted a "violent felony" under the ACCA. *Id.* at 737-40. The panel determined that "while aggravated burglary in Tennessee meets this standard, its facilitation does not." *Id.* at 737. Had the *Sawyers* panel rested its decision on this statement, our issue could be considered foreclosed. But the panel instead rested its judgment on the now-unconstitutional residual clause in the ACCA statute, finding that facilitation of aggravated burglary did not qualify under the enumerated clause. *Id.* at 738; *see Johnson v. United States*, 576 U.S. 591 (2015).

3

Following the *Wright* standard, the *Sawyers* panel's statement must be considered dicta, not binding precedent.

Sawyers created a slippery slope of opinions simply deferring to the analysis provided therein. *United States v. Nance* was the first in the long line of cases. 481 F.3d 882 (6th Cir. 2007). *Nance* cited the *Sawyers* definition of aggravated burglary under Tennessee law and determined that it "clearly comport[ed]" with generic burglary under the ACCA without any further analysis of the issue. *Id.* at 888. Next came *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015). *Priddy* missed the opportunity to independently analyze the (a)(3) subsection, choosing instead to defer to the broad ruling in *Nance* that the first three variants of Tennessee burglary constitute generic burglary. *Id.* at 864-65. The mistake was further compounded by *United States v. Ferguson*, in which the panel held that "*Priddy* dictates that [Tennessee burglary convictions] are violent felonies." 868 F.3d 514, 515 (6th Cir. 2017). Finally, we arrive at *United States v. Brumbach*, which, just like the cases before it, deferred to prior panels as having foreclosed the issue. 929 F.3d 791, 794 (6th Cir. 2019). The issue before us in *Brumbach*, however, was one specifically concerned with the definition of "entry," not the actor's state of mind under the (a)(3) subsection. *Id.* at 795.

Since *Brumbach*, panel after panel has mistakenly treated this issue as foreclosed without providing a reasoned basis for doing so. *See e.g., United States v. Brown*, 957 F.3d 679 (6th Cir. 2020) (deferring to *Brumbach* and *Ferguson* instead of analyzing Brown's argument that subsection (a)(3) does not qualify as an ACCA predicate); *United States v. Buie*, 960 F.3d 767 (6th Cir. 2020) (citing *Brumbach* as foreclosure precedent for consideration). Justice Sotomayor highlighted this mistake in a recent statement respecting the denial of certiorari. *See Gann v. United States*, 142 S. Ct. 1 (2021) (Sotomayor, J., concurring in denial of certiorari). She found

that *Brumbach* "had rejected different arguments for why different elements of Tennessee's aggravated burglary did not match the elements of generic burglary" and noted that "the Sixth Circuit neither discussed nor decided, whether Tennessee aggravated burglary also comports with the requirement that generic burglary include the intent to commit a crime." *Id.* at *2. Justice Sotomayor "expect[ed] the Sixth Circuit to give the argument full and fair consideration in a future case." *Id.* Unfortunately, the majority fails to do so here in its conclusory, two-paragraph opinion.

It is crucially important that we distinguish dicta from binding precedent, and more importantly, that each issue before the court "is investigated with care, and considered in its full extent." *Cohens v. State of Virginia*, 19 U.S. 264, 399 (1821). To foreclose an issue simply because prior panels have done the same continues to entrench a troublesome precedent. For the aforementioned reasons, I respectfully dissent.

5